# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSUE MERCADO-REYES,**<br><br>Defendant. | **CASE NO. 1:17-CR-00124 LJO-SKO**<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>**(ECF No. 21)** |

Defendant moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("§ 3582"). (ECF No. 21.) Upon a thorough review of the record in the case, including the Probation Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

Defendant pled guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. (ECF Nos. 14 (Plea Agreement); 31 (PSR).) Defendant's plea agreement was made pursuant to the fast track program, which provided that the Government would recommend that Defendant's offense level be adjusted downwards by four levels under United States Sentencing Guidelines ("USSG") § 5K3.1. At the change of plea hearing held on June 5, 2017, the Court advised the Defendant that it would not grant the Government's recommendation for a four level reduction under USSG § 5K3.1 due to Defendant's extensive criminal history. (ECF No. 16.) Defense counsel discussed the Court's statement with Defendant, and the parties agreed to go forward with the plea. (*Id.*) On June 12, 2017, the Court denied the Government's recommendation for a four-level reduction in Defendant's offense level. The Court sentenced Defendant to 77 months in custody, which was the low end of the Guidelines range without the fast track reduction. (ECF No. 11.)

Defendant brings the instant motion asking the Court to modify his sentence to conform with the four level fast track reduction provided for in his plea agreement. (ECF No. 21.)

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court may "upon motion of the Director of the Bureau of Prisons, . . . reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction."

By the plain terms of the statute, Defendant may not request a reduction in his sentence under § 3582(c)(1)(A). A motion for a reduction in sentence under § 3582(c)(1)(A) must be brought by the Director of the Bureau of Prisons. *Maestro v. Ives*, No. CV 14-1069 R(JC), 2014 WL 6389370, at *2 (C.D. Cal. Nov. 13, 2014) ("a district court may not reduce a term of imprisonment [pursuant to § 3582(c)(1)(A)] absent the filing of a motion by the Director of the Bureau"); *see also United States v. Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996) (a district court may modify a sentence only when authorized by a statute or rule). Therefore, Defendant's motion fails.

Moreover, a sentencing court may only grant a § 3582(c)(1)(a) motion if it finds "extraordinary and compelling reasons warrant such a reduction." The Court finds none here. As the Court indicated at Defendant's change of plea hearing, the Court is not obligated to follow the plea agreement at sentencing. Indeed, the Court even advised Defendant that it was unwilling to grant the fast track reduction provided for in the plea agreement prior to taking Defendant's change of plea. Defendant chose to go forward with his change of plea knowing full well that the Court would not grant the fast track recommendation. Defendant cannot now assert that he was sentenced in error.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Josue Mercado-Reyes's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.
IT IS SO ORDERED.

Dated: **April 2, 2018**          /s/ Lawrence J. O'Neill
                              UNITED STATES CHIEF DISTRICT JUDGE