1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  1:17-cr-0124-NONE-SKO-1

12              Plaintiff,                   ORDER DENYING MOTIONS TO REDUCE
                                             SENTENCE UNDER 28 U.S.C. § 2255
13         v.
                                             (Doc. Nos. 37, 41)
14   JOSUE MERCADO-REYES,

15              Defendant.

16

17        On June 5, 2017, defendant Josue Lopez-Ramirez entered a plea of guilty to being a

18   deported alien found in the United States in violation of 8 U.S.C. § 1326(a).  (Doc. Nos. 14, 19.)

19   The parties agreed to resolution of the case based upon the district's Fast-Track Immigration

20   Prosecution Program including sentencing based upon pre-plea presentence report and the parties

21   jointly recommended a four level downward adjustment under U.S. Sentencing Guideline

22   (U.S.S.G.) § 5K3.1 and a sentence of a 51–month term of imprisonment, the low end of the

23   parties' agreed upon guideline calculation.  (Doc. Nos. 14, 17.)[1]  Nonetheless, on June 12, 2017,

24   the sentencing judge declined to follow the parties' recommended four level downward

25   adjustment, determined the defendant's offense level to be 21, his criminal history category to be

26

27   [1]  As part of his plea agreement, defendant waived both his right to appeal and to collaterally
     attack, by way of § 2255 motion, any aspect of his guilty plea, conviction or sentence.  (Doc. No.
28   14 at 8–9.)

1

1   VI under the USSG, and sentenced him to a 77-month term of imprisonment, the low end of the

2   guideline range as calculated by the court.  (Doc. Nos. 11, 19 and 20.)[2]  Thereafter, defendant

3   appealed, challenging his 77–month sentence (Doc. No. ) and the Ninth Circuit dismissed that

4   appeal concluding that defendant's sentence was not illegal and thus his appeal was barred by the

5   valid appeal waiver contained in his plea agreement.  (Doc. No. 35.)  Invoking 28 U.S.C. § 2255,

6   defendant has moved for relief, collaterally attacking his 77-month sentence on two grounds.

7   (Doc. Nos. 37, 41.)

8           First, defendant argues that his 2005 conviction in state court for possession for sale of

9   methamphetamine in violation of California Health and Safety Code § 11378, is *not* a "drug

10  trafficking offense" under U.S.S.G. § 2L1.2 and that the sixteen-level increase to the calculation

11  of his base offense at sentencing was improper.  (Doc. No. 37 at 1.)  Notably, defendant

12  previously raised this exact issue on an appeal of his sentence (Appellant's Opening Brief, *United

13  States v. Mercado-Reyes*, 765 F. App'x 352 (9th Cir. 2019) (No. 18-10249), 2018 WL 6738754 at

14  *19–22).  However, the Ninth Circuit rejected the argument because of his appeal waiver

15  specified in his plea agreement, and dismissed his appeal.  *Mercado-Reyes*, 765 F. App'x 352.

16          Second, defendant argues that because two of his previous convictions in state court were

17  vacated in January 2020, his current sentence should now be reduced based on a reduced

18  criminal history category.  (Doc. No. 41 ¶¶ 3, 6.)  The government opposes defendant's motion in

19  this regard, arguing that he waived his right to appeal or collaterally attack his sentence and that

20  defendant's arguments are not legally cognizable.[3]  (Doc. No. 44 at 6–9.)  The government's

21  argument as to waiver is well-taken and defendant's § 2255 motion will be denied.

22  /////

23

---

24  [2]  It appears that the sentencing judge was, in part, influenced by defendant's four prior
    convictions (in 2005, 2008, and twice in 2016) for possession and transportation of controlled
25  substances for sale, as well as his 2009 conviction for being a deported alien found in the United
    States upon which he had received a fast track downward adjustment but had thereafter again re-
26  entered the United States illegally.  (Doc. Nos. 11 ¶¶ 22–26, 37.)

27
    [3]  The court afforded defendant the opportunity to file a reply brief in support of his § 2255
28  motion within 30 days of April 8, 2020 (Doc. No. 46), but no reply was filed.

1          **LEGAL STANDARD**

2          Title 28 U.S.C. § 2255 allows a federal prisoner to move "to vacate, set aside or correct

3    the sentence" on "the ground that the sentence was imposed in violation of the Constitution or

4    laws of the United States, or that the court was without jurisdiction to impose such sentence, or

5    that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

6    collateral attack."  28 U.S.C. § 2255.  "[A]n error of law does not provide a basis for collateral

7    attack unless the claimed error constituted 'a fundamental defect which inherently results in a

8    complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting

9    *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Rule 4(b) of the Rules Governing Section 2255

10   Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the

11   petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

12         **ANALYSIS**

13   **A.     Defendants' Motions Are Barred by the Terms of the Plea Agreement**

14         Defendant Mercado–Reyes waived his right to collaterally attack his sentence under §

15   2255.  As provided in the plea agreement, defendant has agreed "to give up the right to appeal" or

16   "to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241" on any aspect

17   of the sentence.  (Doc. No. 14 ¶ VII.B.)  This waiver of rights is enforceable.

18         "A defendant's waiver of his rights to appeal and to bring a collateral attack is generally

19   enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised,

20   and (2) the waiver is knowingly and voluntarily made.'"  *Davies v. Benov*, 856 F.3d 1243, 1246–

21   47 (9th Cir. 2017) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)).

22   Such waiver is enforceable even though the defendant "may not know the specific detailed

23   consequences of invoking it," *United States v. Ruiz*, 536 U.S. 622, 629–30 (2002), may "not

24   aware of possible grounds of appeal" or "the severity of the sentence that will be imposed,"

25   *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016).  At a change of plea hearing, "[a] district

26   court is required to inform the defendant of 'the terms of any plea-agreement provision waiving

27   the right to appeal or to collaterally attack the sentence,'" and if the district court does so, the

28   Ninth Circuit has held that such procedure is "sufficient to find a knowing and voluntary waiver."

3

1  *Id.* (quoting Fed. R. Crim. P. 11(b)(1)(N); *United States v. Watson*, 582 F.3d 974, 987 (9th Cir.

2  2009)).

3      At defendant's June 5, 2017 change of plea hearing, the previously assigned district judge

4  informed him of the terms of the appeal and collateral attack waiver set forth in his plea

5  agreement; defendant verbally stated he understood the terms of his waiver, had no questions

6  about the terms, and agreed to the terms of the plea agreement.  (*See* Doc. Nos. 14, Ex. A; 33 at

7  4:3–8:21.)  Defendant also signed the written plea agreement containing that waiver.  (Doc. No.

8  14.)  This is sufficient to establish that defendant knowingly and voluntarily waived his right to

9  collaterally attack his sentence under § 2255.  *See Lo*, 839 F.3d at 784; *see also Blackledge v.*

10 *Allison*, 431 U.S. 63, 73–74 (1977) (The representations of a defendant at a plea hearing

11 constitutes "a formidable barrier in any subsequent collateral proceedings.  Solemn declarations

12 in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236–

13 37 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong

14 presumption of veracity in subsequent proceedings attacking the plea.").  Defendant does not

15 contest the fact that his plea agreement was knowingly and voluntarily made.  (Doc. Nos. 37, 41.)

16 Based on the foregoing, the court finds, as the Ninth Circuit previously has, that defendant

17 Mercado–Reyes's waiver in his plea agreement of the right to collaterally attack any part of his

18 plea and sentence is enforceable.

19     The appeal and collateral attack waiver contained in defendant's plea agreement also

20 specifically encompasses the claims presented in his pending § 2255 motions.  As noted above,

21 defendant argues here that:  (1) his 2005 state conviction for possession for sale of

22 methamphetamine is not a "drug trafficking offense" under U.S.S.G. § 2L1.2, so the sixteen-level

23 increase to his base offense in the sentencing guideline calculation was improper (Doc. No. 37 at

24 1); and (2) that because two of his previous convictions in state court were subsequently vacated

25 in January 2020, his current sentence should now be reduced because without those convictions

26 his criminal history category would have been lower.  (Doc. No. 41 ¶¶ 3, 6.)  Both of these

27 arguments are straightforward collateral attacks on defendant's sentence, which are barred by the

28 terms of his plea agreement.  *See Laborin v. United States*, No. 2:15-CR-00002-KJM-1, 2017 WL

4

3421826, at *2 (E.D. Cal. Aug. 9, 2017) (finding that similar waiver barred claims regarding how the defendant's prior convictions impacted the sentencing guideline range and the ultimate sentence imposed).  Defendant does not raise any non-waivable claims in his pending motion, such as fraudulent inducement or ineffective assistance of counsel impacting his appellate and collateral attack waiver.  *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005) (upholding a petitioner's right to assert federal habeas claim where he alleged that his counsel used coercion, omissions, false promises and inaccurate predictions to induce his acceptance of the plea agreement). Accordingly, his pending § 2255 motion must be denied.

**B.      There is No Basis to Issue a Certificate of Appealability**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).  "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(b)(2).  "To satisfy this standard, the applicant must show that 'jurists of reason could disagree with the district court's resolution of his case or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Mitchell v. United States*, 971 F.3d 1081, 1083 (9th Cir. 2020) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ).  This standard is not met here.  The court therefore declines to issue a certificate of appealability.

**CONCLUSION**

For the reasons explained above:

1.  Defendant's motion brought under 28 U.S.C. § 2255 (Doc. Nos. 37, 41) is denied;

2.  The court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

3.  The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated:   **April 22, 2021**                                      _____

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28